TRECO, INC. and Wisconsin Real Estate Investment Trust, Plaintiffs,

v.

LAND OF LINCOLN SAVINGS AND LOAN, Frank J. Kinst, Thomas A. Kinst, Ronald R. Drajka, Robert J. Hajek, Phillip R. Kasik, William Kinst, Warren H. Muchow, John A. Storcel, and John J. Lachajewski, Defendants.

No. 83 C 5941.

United States District Court, N.D. Illinois, E.D.

Sept. 21, 1983.

See also, 572 F.Supp. 1451.

Donald R. Harris, Jenner & Block, Chicago, Ill., for plaintiffs.

Robert E. Kehoe, Jr., Wildman, Harrold, Allen & Dixon, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

The above-captioned matter comes before the Court on plaintiffs' motion for preliminary injunction seeking an order requiring defendants to convene a special meeting of the shareholders of the Land of Lincoln Savings and Loan. Pursuant to notice, the matter was heard by the Court on September 19, 1983. The Court, having considered plaintiffs' motion, defendants' answer, memoranda, exhibits, and affidavits submitted in support of and in opposition to said motion, and having heard oral argument, does hereby enter the findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

### Findings of Fact

1. Plaintiff Treco, Inc. ("Treco") is a Florida corporation with its principal executive office in Jacksonville, Florida.

2. Plaintiff Wisconsin Real Estate Investment Trust ("WREIT") is a common law business trust formed under the laws of the State of Wisconsin with its principal executive office in Chicago, Illinois.

3. WREIT is in "bad standing" with the Wisconsin Secretary of State due to its failure to file an annual report required under Wisconsin law.

4. WREIT is doing business in Illinois without a certificate of authority from the Illinois Secretary of State.

5. Defendant Land of Lincoln Savings and Loan ("Lincoln") is a savings and loan association chartered under the laws of Illinois. Deposits at Lincoln are insured by the Federal Savings and Loan Insurance Corporation. Lincoln is regulated by the Federal Home Loan Bank Board.

6. The nine individual defendants are all members of Lincoln's Board of Directors.

7. Lincoln has 2,470,855 shares of stock outstanding. Treco and WREIT each own 123,000 common shares of Lincoln. Together, Treco and WREIT own approximately 9.956 percent of the outstanding common shares of Lincoln.

8. Lincoln's directors are elected each year at the annual shareholders' meeting.

Lincoln's next annual shareholders' meeting is currently scheduled for October 26, 1983.

9. Lincoln's existing bylaws contain no provision providing for cumulative voting. In order for the plaintiffs to obtain representation on Lincoln's Board of Directors based upon their stock ownership, plaintiffs must propose and have Lincoln's shareholders adopt an amendment to Lincoln's bylaws to require cumulative voting of shares at elections for members of the Board of Directors.

10. Under Lincoln's current bylaws, an amendment to the bylaws may be proposed by shareholders only at a special meeting of shareholders called expressly for that purpose. Under Article II, Section 3 of Lincoln's bylaws, the President of the Association is required to convene a special meeting of shareholders if he receives a written request for a special meeting from shareholders holding not less than 20 percent of all the outstanding common stock of Lincoln entitled to vote at the meeting. The written request must state the purpose of the meeting and must be delivered to the business office of Lincoln addressed to the Chairman of the Board, the President, or the Secretary.

11. On September 15, 1983, plaintiffs, on behalf of shareholders holding in excess of 20 percent of Lincoln's common stock, delivered a written demand to defendant Thomas A. Kinst, President of Lincoln, requesting him to call a special meeting of Lincoln's shareholders for October 12, 1983, at 1400 Gannon Drive, Hoffman Estates, Illinois. The stated purpose for the special meeting was to consider and vote on a proposal to amend Lincoln's bylaws to require cumulative voting in the election of Lincoln's directors.

12. The defendants have refused to convene a special meeting of Lincoln's shareholders, notwithstanding said demand.

13. Lincoln's bylaws further provide:

Section 12. Voting. On all matters including the election of directors each stockholder shall be entitled to one vote for each share held as specified in the articles of incorporation of the association.

14. Lincoln's Articles of Incorporation provide:

Section 6. Permanent Reserve Shares . . . The holders of the common stock shall exclusively possess all voting power. On all matters each holder of common stock shall be entitled to one vote for each share held by such holder.

Section 13. Amendment of Charter. No amendment, addition, alteration, change or repeal of these Articles of Incorporation shall be made unless it is first proposed by the board of directors of the association, and thereafter approved by the affirmative vote of not less than two thirds of the total votes eligible to be cast at a legal meeting of members, or, in the case of Section 12 hereof, by the affirmative vote of not less than 75 percent of the total votes eligible to be cast at a legal meeting of members.

15. To the extent that any of the foregoing findings of fact are deemed to be conclusions of law, they are hereby adopted as conclusions of law.

### Conclusions of Law

On the above and foregoing findings of fact, the Court makes the following conclusions of law:

1. The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, because the Amended Complaint is brought pursuant to 15 U.S.C. § 78aa (Counts I, II, V, VI, and VII), 18 U.S.C. § 1965 (Count III), and the principles of pendent jurisdiction (Count IV).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 15 U.S.C. § 78aa, in that the claims alleged herein arose in this district.

3. Defendants' refusal to convene a special shareholders' meeting and defendants' alleged violations of federal law described in the Amended Complaint derive from a common nucleus of operative facts. Additionally, these claims are such that plaintiffs would ordinarily expect them to

be tried in one judicial proceeding. Given the important policies of conservation of judicial energy and the avoidance of multiplicity of litigation, the Court exercises its discretion, pursuant to the doctrine of pendent jurisdiction, to accept jurisdiction over plaintiffs' claim for preliminary injunctive relief. *See Rosado v. Wyman,* 397 U.S. 397, 405, 90 S.Ct. 1207, 1214, 25 L.Ed.2d 442 (1969); *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

4. The Court possesses broad discretion in granting preliminary injunctive relief. This broad discretion is guided by four factors: (1) a reasonable likelihood of success on the merits, (2) irreparable harm to the plaintiff, (3) a balance of the threatened injury to the plaintiffs against harm to the defendants, and (4) the public interest. *Machlett Laboratories Inc. v. Techny Industries, Inc.,* 665 F.2d 795, 796–97 (7th Cir. 1981).

■ 5. Plaintiffs have demonstrated that each of the four relevant factors weighs in favor of preliminary injunctive relief. By refusing to grant plaintiffs' written demand to call a special shareholders' meeting, made on behalf of more than 20 percent of Lincoln's outstanding shares, there is a substantial likelihood that defendants have violated Article II, Section 3 of the Association's bylaws and Section 3–2(a) of the Illinois Savings and Loan Act, ch. 17 Ill.Rev.Stat. § 3072(a).

6. Due to the impending time constraints imposed by the October 26, 1983 annual meeting, plaintiffs will suffer irreparable harm should the Court refuse to grant immediate injunctive relief. Refusing to grant preliminary injunctive relief, although maintaining the status quo, would inhibit the Court's ability to render a meaningful decision on the merits. *See Canal Authority of State of Florida v. Callaway,* 489 F.2d 567, 576 (5th Cir.1974).

7. After balancing the threatened injury to plaintiffs against possible harm to defendants, the Court finds that plaintiffs would be irreparably harmed if a preliminary injunction were denied because plaintiffs would be unnecessarily frustrated in their attempt to obtain representation on Lincoln's Board of Directors at the October 26, 1983 annual meeting. Defendants, although admittedly put to the expense of calling a special shareholders' meeting, will not suffer irreparable harm.

8. Regarding the final factor to be considered in granting a preliminary injunction, plaintiffs' attempt to obtain representation on Lincoln's Board furthers the legitimate public interests of corporate democracy and participation by shareholders in the management of corporations which they have an interest.

■ 9. Defendants argue that convening a special shareholders' meeting for the purpose of amending the bylaws to permit cumulative voting is prohibited by Lincoln's Articles of Incorporation as set out in the Court's findings of fact, paragraph 14, *supra*. Specifically, the Articles provide that "each holder of common stock shall be entitled to one vote for each share held by such holder." Plaintiffs' proposal for cumulative voting, however, is not inconsistent with Lincoln's Articles. Under cumulative voting, each shareholder will retain the same total number of votes as before cumulative voting. Cumulative voting merely allows each shareholder to cumulate his votes and cast them for a single director. Therefore, the Court holds that Lincoln's Articles do not prohibit plaintiffs' proposed amendment to the bylaws.

■ 10. Defendants further argue that WREIT lacks capacity to sue in the instant case because (1) it is in "bad standing" under Wisconsin law and (2) it has failed to register with the Illinois Secretary of State as a foreign corporation doing business in Illinois. WREIT's "bad standing" is due to its failure to file an annual report required by Wisconsin law. WREIT's right to proceed as a plaintiff in this action, therefore, will be conditioned upon its full compliance with applicable Wisconsin law and upon its compliance with Illinois' registration requirements for foreign corporations. *See*

*DeSilva Construction Corp. v. Herrald,* 213 F.Supp. 184, 191–92 (M.D.Fla.1962).

11. Defendants also argue that Treco lacks capacity to sue in the instant action due to its failure to file a 1983 annual report as required by Florida law. Treco, however, has produced a certificate establishing its present validity and good standing under Florida law. Accordingly, the Court finds that Treco has capacity to sue in the instant action.

12. To the extent that any of the foregoing conclusions of law are deemed to be findings of fact, they are hereby adopted as findings of fact.

Accordingly, based on the foregoing findings of fact and conclusions of law, plaintiffs' motion for preliminary injunction is hereby granted and pursuant to Rule 52(b) of the Federal Rules of Civil Procedure it is hereby ordered that:

1. Defendants are directed to convene a special meeting of Lincoln's shareholders on October 12, 1983, for the purpose of considering an amendment proposed by plaintiffs to Lincoln's bylaws requiring cumulative voting of shares in any election for Lincoln's Board of Directors.

2. Defendants are further ordered to mail notice of the special meeting to all of Lincoln's shareholders by the close of business on September 22, 1983, and to set the record date for the special meeting at September 21, 1983.

Pursuant to Rule 65, bond is hereby set in the amount of $25,000.

Pursuant to Rule 52(b), the Court reserves the right to amend the above findings and/or conclusions or make additional findings and/or conclusions upon motion of either party made no later than ten days from today and the Court may amend the judgment accordingly.

IT IS SO ORDERED.